**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARCUS DARNELL EBRON,

    Plaintiff,

v.                                                                                                                      Case No. 3:12-cv-272-J-32JBT

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Defendant.

## ORDER

This case is before the Court on Defendant United States Immigration and Customs Enforcement's ("ICE") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 34), to which Plaintiff Marcus Darnell Ebron has responded (Doc. 35). On March 3, 2014, the assigned United States Magistrate Judge issued a Report and Recommendation recommending that the motion be granted and that the Second Amended Complaint be dismissed with prejudice. (Doc. 36) On April 7, 2014, the Court adopted the Report and Recommendation and dismissed the case with prejudice. (Doc. 37.) On July 13, 2015, the Court granted Ebron's motion to vacate the April 7, 2014 Order and reopen the case based on his representation that he did not receive the Report and Recommendation or the Order dismissing the case until more than a year after they were entered. (Doc. 43.) The Court also gave Ebron until August 21, 2015 to file any objections to Report and Recommendation. (Id.) Ebron has now filed objections (Doc. 44), and ICE has responded (Doc. 47).

Upon de novo review, the Court determines that Ebron's objections are due to

be overruled and the Report and Recommendation largely adopted.

Ebron's primarily objection[1] seems to be that, while the Magistrate Judge believes that Ebron has no identifiable civil cause of action to review ICE's action, he actually has a valid claim under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706. The Magistrate Judge found other grounds for dismissal, so did not discuss the potential for a claim under the APA. (Doc. 36 at 14 n.9.) The undersigned agrees with the analysis in Section III.B.2.a. of the Report and Recommendation regarding the lack of authority for some other independent civil remedy under the circumstances and adopts it without further discussion. But because Ebron contends the APA provides such authority, the undersigned will consider the availability of a cause of action under the APA.[2]

Upon due consideration, the undersigned agrees with ICE that this Court has no jurisdiction to review the deportation of the two witnesses Ebron had hoped to call at his state criminal trial (the "subject witnesses"). In his objections to the Report and Recommendation, Ebron makes clear that he is not challenging ICE's ability to deport the subject witnesses, just the decision to do so. (Doc. 44 at 2.) By its express terms, the APA does not apply where another statute "preclude[s] judicial review," 5 U.S.C.

---

[1] In his objections, as in his response to the motion to dismiss, Ebron concedes that he cannot obtain ICE records through this suit. (Doc. 44 at 8.) That element of his claim for relief is due to be dismissed with prejudice as recommended by the Magistrate Judge. (Doc. 36 at 6.)

[2] The Second Amended Complaint itself makes only passing mention of the APA. (Doc. 32 ¶ 1.) The undersigned will consider Ebron's APA arguments, though, to determine whether he should be allowed to amend his complaint or whether the case should be dismissed with prejudice.

§ 701(a)(1), and does nothing to affect "other limitations on judicial review" or to provide relief that is expressly or impliedly forbidden, id. § 702. By statute, the Court has no "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added); see Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 (1999); also Wallace v. Sec'y, U.S. Dep't of Homeland Sec., No. 14-13361, 2015 WL 4460344, at *3 (11th Cir. July 22, 2015). Thus, the Court is without jurisdiction to hear Ebron's claims. Moreover, there is reason to believe that, even if Ebron were challenging the validity the order to remove the subject witnesses, this Court would still not have jurisdiction. See, e.g., 8 U.S.C. § 1252(a)(5); Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012) ("8 U.S.C. § 1252(a)(5) prohibits [APA] claims that indirectly challenge a removal order."); Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699-700 (11th Cir. 2011) ("Because 8 U.S.C. § 1252 bars review of orders of removal in a district court, neither . . . 5 U.S.C. §§ 701 et seq. (APA), [n]or 28 U.S.C. § 1331 (federal question statute) provided a basis for district court jurisdiction . . . ."). Ebron's claims are due to be dismissed for lack of jurisdiction.

Moreover, even if the Court had jurisdiction, the undersigned agrees with the Magistrate Judge that this case is not the way for Ebron to obtain the relief he seeks. (Doc. 36 at 12-13.) Ebron disclaims any intention to attack his state court conviction using any declaratory judgment entered in this case. (Doc. 44 at 17-18.) But the undersigned sees no other purpose such a declaration would serve, and Ebron does not

3

really suggest one. The appropriate vehicle to challenge his conviction is not this case, but his pending state appeal or a subsequent federal habeas petition. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Terry v. U.S. Small Bus. Admin., 699 F. Supp. 2d 49, 55 (D.D.C. 2010). Ebron's objection to this aspect of the Report and Recommendation is due to be overruled as well.[3]

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge (Doc. 44) is **OVERRULED**.

2.   The Report and Recommendation of the Magistrate Judge (Doc. 36) is **ADOPTED** as the opinion of the Court, as supplemented herein.

3.   Defendant United States Immigration and Customs Enforcement's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 34) is **GRANTED**.

4.   The Second Amended Complaint is **DISMISSED with prejudice**. The Clerk is directed to close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of October, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

---

[3] Since dismissal is appropriate for the reasons discussed above, the undersigned need not review and adopt the recommendation regarding the favorability of the testimony of the subject witnesses. (See Doc. 36 at 10-12.)

bjb
Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of record

Marcus Darnell Ebron
DC# J44624
Madison Correctional Institution
382 S.W. MCI Way
Madison, FL 32340